█ In the Matter of SHIRLEY L. LLOYD L., Appellant. [45 NYS3d 541]—

In a proceeding pursuant to Mental Hygiene Law article 81, Lloyd L. appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated May 6, 2015, which denied his motion for reimbursement of legal fees paid in the sum of $15,000 and an award of an attorney's fee in the sum of $12,832.69 from the assets of Shirley L., an incapacitated person.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the motion of Lloyd L. for reimbursement of legal fees paid and an award of an attorney's fee from the assets of Shirley L., an incapacitated person.

In an order dated January 10, 2013, the Supreme Court, among other things, appointed Lloyd L. (hereinafter the guardian) as the guardian of the person and property of Shirley L., an incapacitated person, and awarded an attorney's fee to The Virdone Law Firm, P.C. (hereinafter the Virdone firm), for legal services it performed related to this proceeding through August 10, 2012. Thereafter, in November 2013, the guardian moved, inter alia, for reimbursement of legal fees paid and an award of an attorney's fee from the assets of Shirley L. for legal services performed by the Virdone firm from March 8, 2013, through October 30, 2013. In an order dated December 21, 2013, the court denied that branch of the motion which was for an award of an attorney's fee, finding that the fee had already been awarded in the prior order dated January 10, 2013. In February 2014, the guardian moved for leave to reargue his motion and, in an order dated March 31, 2014, upon reargument, the court awarded the sum of $2,884.38 for an attorney's fee for work performed by the Virdone firm from March 8, 2013, through October 30, 2013, and disbursements.

Thereafter, in March 2015, the guardian moved for reimbursement of legal fees paid in the sum of $15,000 and for an additional award of an attorney's fee in the sum of $12,832.69 from the assets of Shirley L. for legal services performed by the Virdone firm from October 30, 2013 through February 17, 2015.

In the order appealed from, the Supreme Court denied the motion on the ground that the March 2015 motion was, in effect, one for leave to reargue the prior February 2014 motion, which itself had sought leave to reargue the original November 2013 motion for reimbursement and an award of an attorney's fee.

The Supreme Court improperly denied the March 2015 motion on the basis that it was, in effect, a motion for leave to reargue a motion for leave to reargue (see CPLR 2221 [d]). In support of the March 2015 motion, the guardian submitted invoices from the Virdone firm dated January 24, 2014 through January 15, 2015 to demonstrate the work performed by the Virdone firm during that time period. Those invoices were not considered on the two prior motions, upon which the court determined the attorney's fee award to the Virdone firm for the legal services provided prior to and including October 30, 2013. Thus, contrary to the court's finding, in the March 2015 motion, the guardian did not seek an attorney's fee for the same services and time period for which he had sought and been awarded an attorney's fee in the November 2013 motion, which was then reargued in the February 2014 motion.

Therefore, the Supreme Court improperly denied the guardian's motion for reimbursement in the sum of $15,000 and for an award of an attorney's fee in the sum of $12,832.69 from the assets of Shirley L. for work performed by the Virdone firm from October 30, 2013 through February 17, 2015 without considering the merits of the motion. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the motion on the merits. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.

---

Appeal by Lloyd L. from an order of the Supreme Court, Nassau County, dated May 6, 2015. By order to show cause dated May 27, 2016, the appellant was directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal on the ground that the order denies a motion for leave to reargue and therefore is not appealable. By decision and order on motion of this Court dated July 11, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the order to show cause and the papers filed in opposition to the motion, and upon the argument of the appeal, it is

Ordered that the motion to dismiss the appeal is denied. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.